ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

January 29, 2013

The Honorable John J. Carona
Chair, Committee on Business and Commerce
Texas State Senate
Post Office Box 12068
Austin, Texas 78711-2068

Opinion No. GA-0983

Re: Whether the Medicaid reimbursement
methodology imposed by rule 354.1143 of the
Health and Human Services Commission
impermissibly conflicts with section 32.050(c)
of the Human Resources Code (RQ-1075-GA)

Dear Senator Carona:

You ask whether the Medicaid reimbursement methodology established by administrative
rule 354.1143 of the Health and Human Services Commission ("HHSC") impermissibly conflicts
with section 32.050(c) of the Human Resources Code.[1]

Section 32.050 of the Human Resources Code governs benefits provided to individuals who
receive medical assistance under Medicaid who are also "eligible to receive similar assistance under
the Medicare program." TEX. HUM. RES. CODE ANN. § 32.050(a) (West Supp. 2012) (entitled "Dual
Medicaid and Medicare Coverage").[2] HHSC's administrative rules refer to such individuals as "dual
eligibles." 1 TEX. ADMIN. CODE § 353.2(26) (2012). Subsection 32.050(b) of the Human Resources
Code directs HHSC to examine claims submitted for payment under Medicaid for services rendered
to dual eligibles "to ensure that payment is sought first under the Medicare program to the extent
allowed by law." TEX. HUM. RES. CODE ANN. § 32.050(b) (West Supp. 2012). Subsection
32.050(c), the subject of your question, states that "[f]or an ambulance service provided to a [dual
eligible, Medicaid] shall pay the Medicare deductibles and coinsurance." Id. § 32.050(c).

---

[1] See Letter from Honorable John J. Carona, Chair, Senate Bus. & Commerce Comm., to Honorable Greg
Abbott, Tex. Att'y Gen. at 1 (Aug. 1, 2012), http://www.texasattorneygeneral.gov/opin ("Request Letter").

[2] As one court has explained, "Medicaid is a federal-state assistance program, run by state governments within
federal guidelines, that pays for health care services provided to eligible recipients—low-income people of any
age—from federal, state, and local tax funds." Hawkins v. Dallas Cnty. Hosp. Dist., 150 S.W.3d 535, 537 (Tex.
App.—Austin 2004, no pet.). "Medicare is a distinct medical insurance program run by the federal government that pays
for health care services provided to covered beneficiaries—primarily people over the age of 65, regardless of income,
and younger disabled and dialysis patients." Id. at 537 n.2.

Section 354.1143 of HHSC's rules provides that HHSC will pay a dual eligible's "Medicare deductible and coinsurance as specified in this section." 1 TEX. ADMIN. CODE § 354.1143(a) (2012). Section 354.1143(b) provides the methodology for paying certain deductible and coinsurance:

> (b)  Except as otherwise specified in subsections (c) and (d) of this section, the payment of the Medicare . . . Part B . . . deductible and coinsurance is based on the following.
>
> (1)  If the Medicare payment amount equals or exceeds the Medicaid payment rate, HHSC does not pay the Medicare deductible and coinsurance on a crossover claim.
>
> (2)  If the Medicare payment amount is less than the Medicaid payment rate, HHSC pays the Medicare deductible and coinsurance on a crossover claim, but the amount of payment is limited to the lesser of the deductible and coinsurance or the amount remaining after the Medicare payment amount is subtracted from the Medicaid payment rate.

*Id.* § 354.1143(b).  Subsection 354.1143(d) allows higher cost-sharing payments to providers of certain services to dual eligibles if HHSC determines the higher payment "is necessary to ensure adequate access to care or is more cost-effective to the state." *Id.* § 354.1143(d).

An agency's rule is presumed to be valid. *Vista Healthcare, Inc. v. Tex. Mut. Ins. Co.*, 324 S.W.3d 264, 273 (Tex. App.—Austin 2010, pet. denied).  However, an agency may not adopt a rule that is contrary to relevant governing statutes. *State v. Pub. Util. Comm'n*, 131 S.W.3d 314, 321 (Tex. App.—Austin 2004, pet. denied).  Courts give some deference to an agency's interpretation of its rules "unless it is plainly erroneous or inconsistent with the language of the statute, regulation, or rule." *TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 438 (Tex. 2011).  To determine whether an agency rule exceeds statutory authority, courts generally look first to the statute's plain and common meaning. *Fulton v. Assoc. Indem. Corp.*, 46 S.W.3d 364, 369–70 (Tex. App.—Austin 2001 pet. denied).

Section 32.050(c) of the Human Resources Code requires Medicaid to pay the Medicare deductibles and coinsurance for an ambulance service provided to a dual eligible. TEX. HUM. RES. CODE ANN. § 32.050(c) (West Supp. 2012).  Rule 354.1143, by contrast, purports to permit HHSC to decline to pay the Medicare deductibles and coinsurance in some cases for ambulance services provided to a dual eligible. *See* 1 TEX. ADMIN. CODE § 354.1143(b) (2012).  The rule therefore conflicts with the statute.  HHSC has indicated that article II, section 17 of the 2012–2013 Appropriations Act prompted its amendment to rule 354.1143. *See* 36 Tex. Reg. 7057–58 (2011) (stating the rule was amended "pursuant to the 2012–2013 General Appropriations Act"), *adopted* 36 Tex. Reg. 9282–84 (2011) (codified at 1 TEX. ADMIN. CODE § 354.1143) (Tex. Dep't of Human Servs.); *see also* General Appropriations Act, 82d Leg., R.S., ch. 1355, art. II, § 17, 2011 Tex. Gen.

Laws 4025, 4242 (the "Appropriations Act"). Article II, section 17 of the Appropriations Act, however, merely provides in tabular form: "Sec. 17. Additional Cost Containment Initiatives. Included in appropriations above to the health and human services agencies in Article II of the Act are reductions for anticipated savings for the following cost containment initiatives . . . Health and Human Services Commission . . . Medicare Equalization . . . $295,750,000 [estimated general revenue savings] . . . $704,166,667 [estimated savings for all funds]." Appropriations Act at 4242. The Appropriations Act does not purport to alter HHSC's obligation to comply with section 32.050(c) of the Human Resources Code or authorize HHSC to depart from the statute's requirements. In any event, under the Texas Constitution, a rider in an appropriations act cannot amend substantive law. *Strake v. Ct. App. for First Sup. Jud. Dist.*, 704 S.W.2d 746, 748–49 (Tex. 1986). HHSC remains bound by the requirements of section 32.050(c) regardless of the contents of an appropriations rider regarding cost containment.

By enacting section 32.050(c) of the Texas Health and Safety Code, the Legislature chose to obligate HHSC to pay deductibles and coinsurance for ambulance services provided to dual eligibles. Section 354.1143 of HHSC's rules, however, provides for the payment of deductibles and coinsurance for dual eligibles in some circumstances but not in others, and gives HHSC discretion in some circumstances to pay an amount higher than the statutory methodology would produce. 1 TEX. ADMIN. CODE § 354.1143(b) (2012). To the extent that section 354.1143(b) of HHSC's rules limits HHSC's obligation to pay Medicare deductibles and coinsurance for an ambulance service provided to a dual eligible, a court would likely conclude that the rule conflicts with section 32.050(c) of the Texas Human Resources Code.

## S U M M A R Y

To the extent that section 354.1143(b) of the Health and Human Services Commission's rules limits the Health and Human Services Commission's obligation to pay Medicare deductibles and coinsurance for an ambulance service provided to a person eligible for both Medicare and Medicaid benefits, the rule conflicts with section 32.050(c) of the Texas Human Resources Code.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chairman, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee